IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                  No. CR 10-2653 JB

DERRICK IVAN JIM,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Derrick Ivan Jim to Judge James Browning (undated), filed May 2, 2011 (Doc. 30)("May 2, 2011 Letter"); (ii) the Defendant's Unopposed Motion to Dismiss Defendant's Counsel, filed May 9, 2011 (Doc. 32); (iii) the Letter from Derrick Ivan Jim to Judge James Browning (dated May 2, 2011), filed May 10, 2011 (Doc. 33)("May 10, 2011 Letter"); and (iv) the Federal Public Defender's Motion to Withdraw as Counsel, filed June 2, 2011 (Doc. 38). The Court held a hearing on May 24, 2011. The primary issue is whether the Court should replace Defendant Derrick Ivan Jim's current attorney, James Loonam, Assistant Federal Public Defender. Because communication between Jim and Mr. Loonam has broken down, and because Mr. Lorenzo Chacon has entered an appearance for Jim, the Court grants the Motions.

## PROCEDURAL BACKGROUND

On August 23, 2010, a Complaint was filed against Jim for having vaginal and anal sexual intercourse with a woman who was physically incapable of declining participation, or

communicating unwillingness to engage in, that sexual act, in violation of 18 U.S.C. §§ 1153 and 2242(2)(B).  See Doc. 1.  On August 31, 2010, Mr. Loonam was appointed to represent Jim.

In his May 2, 2011 Letter, Jim states: "I would like to fire my public defender.  I feel he does not have my best interest -- due to my case."  May 2, 2011 Letter at 1.  On May 9, 2011, Jim, proceeding pro se, filed his motion to dismiss Mr. Loonam as counsel.  Jim contends that Mr. Loonam has neither provided him with accurate information, nor acted with reasonable diligence and promptness.

On May 10, 2011, the Court reviewed Jim's May 10, 2011 Letter, which stated that Mr. Loonam "has not helped [Jim] as much as he could have done" and that Mr. Loonam "rushed [Jim] into signing the plea."  May 10, 2011 Letter at 1.  Jim further stated that he no longer speaks to Mr. Loonam.  Jim asked the Court to "give [him] another attorney."  May 10, 2011 Letter at 1.

At the May 24, 2011 hearing, Plaintiff United States of America stated that it took no position whether the Court should appoint Jim new counsel.  Outside the presence of the United States, the Court inquired about the basis for Jim's request.  Mr. Loonam does not oppose this Motion.  Based on the Court's inquiry, it satisfied itself that communication between Jim and Mr. Loonam has irrevocably broken down.  While the Court is concerned whether another counsel can do as good or better a job for Jim as Mr. Loonam has or will, the Court reluctantly concludes that the current situation does not leave it with the option to keep Mr. Loonam in place.  At the hearing, the Court indicated that it would appoint new counsel.

On June 1, 2011, before the Court could appoint new counsel, Jim retained Mr. Chacon, who filed an Entry of Appearance.  See Doc. 35.  On June 2, 2011, Mr. Loonam moved the Court to enter

an order allowing the Office of the Federal Public Defender to withdraw as appointed counsel for Jim.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010). To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible. See United States v. Stewart, 378 F. App'x at 777. The United States Court of Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown. See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005). Courts balance these factors when determining whether to grant substitution of counsel. See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that, although the first factor weighs in favor of granting the defendant's motion for substitute counsel,

the remaining three factors weigh against granting his motion).

## **ANALYSIS**

The Court will grant Jim's request that it appoint new counsel. Based on Jim's and Mr. Loonam's statements at the hearing, the court believes that there is "a complete breakdown of communication" between them. United States v. Beers, 189 F.3d at 1302. After discussing this matter with Mr. Loonam and Jim, the Court believes that communications have broken down to a point where it is difficult, if not impossible, for Mr. Loonam to perform his professional duty going forward, and Jim needs to have counsel with whom he can communicate fully.

Although the Court indicated at the hearing that it would appoint new counsel, Mr. Chacon has now entered an appearance on Jim's behalf. Because Jim has now retained private counsel, the Court will not appoint new counsel for Jim. The Court therefore grants the motions and Jim's requests in his letters that Mr. Loonam and the Federal Public Defender's Office be permitted to withdraw from this case, but it will not appoint new counsel, because Jim has retained Mr. Chacon.

**IT IS ORDERED** that the Court grants in part and denies in part the request for new counsel in the: (i) Letter from Derrick Ivan Jim to Judge James Browning (undated), filed May 2, 2011 (Doc. 30); (ii) the Defendant's Unopposed Motion to Dismiss Defendant's Counsel, filed May 9, 2011 (Doc. 32); and (iii) the Letter from Derrick Ivan Jim to Judge James Browning (dated May 2, 2011), filed May 10, 2011 (Doc. 33), allowing James Loonam to withdraw from this case, but the Court does not appoint Defendant Derrick Ivan Jim new counsel, because he has retained Mr. Lorenzo Chacon. The Court grants the Federal Public Defender's Motion to Withdraw as Counsel, filed June 2, 2011 (Doc. 38).

／s/ James O. Browning
_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Lawrence E. Chacon
Albuquerque, New Mexico

    *Attorneys for the Defendant*

James C. Loonam
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Former Attorney for the Defendant*