DISTRICT COURT FOR THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                              No. 10  Cr-  02653-001JB

DERRICK I  JIM,

    Defendant.

<u>OPPOSED MOTION IN LEMINI TO EXCLUDE ALL ADMISSIONS AND STATEMENTS MADE BY DEFENDANT IN THE COURSE OF HIS CHANGE OF PLEA TO GUILTY TO JUDGE PAGLISI, IN HIS PLEA AGREEMENT AND TO PROBATION</u>

COME NOW Defendant Derrick Jim, by and through his Attorney Lawrence E. Chacon FILES THIS MOTION and the Government, by and through its Attorneys Mark Baker and Jack Burkhead are opposed. Defendant moves for an order to exclude HIS prior statements of guilt and factual basis in the Government's Case in Chief.

1. Defendant Jim changed his plea from Not Guilty to Guilty in this case on February 8, 2011 .

2. In the course of the change of plea process Mr. Jim laid out a factual basis for his crime to the Court and to Probation.

3. Mr. Jim did not violate the terms of his plea agreement but rather moved this Court to allow him to withdraw his plea of guilty and proceed to trial.

4. The Court has allowed Mr. Jim to withdraw his prior plea of guilty and

   proceed to Trial pursuant to a Hearing held on the matter Oct. 3, 2011.

5 . Counsel has discussed this matter via e-mail, with U.S. Assistant Attorney Mark Baker and he opposes this motion.

6.  Rule 404 b would apply to this situation because to have those statement enter the United States Case in Chief would result in an unfair trial for Mr. Jim. The statements would prejudice Mr. Jim. The statements would be confusing to the Jury and would waste the Courts time. Even though Mr. Jim Signed a plea that states, under rule 801 (d) (2) (A) he admits that his statements would be admissible in subsequent proceedings, his statements still should not be admitted. If admitted Mr. Jim will then not receive a fair trial. Such language in a plea of guilty on it's face in unconstitutional and is objectionable when a defendant is allowed to withdraw his previous plea of guilty. Such language is objectionable even when a defendant does not move to withdraw his plea. The Language in the plea agreement appears only to deter Defendants from later seeking to withdraw their plea agreement. Further when the Court allowed Mr. Jim to withdraw his plea, the Plea Agreement became null and void the same as any other contract. The Probation investigation would likewise be part of that plea agreement and it also should be null and void . Therefore all statements in the course of his previous change of plea Statement should be excluded .

   WHEREFORE, Defendant Derrick Jim requests that this Court enter an Order In Limine excluding all statements made by Mr. Jim in the course of changing his

plea from not guilty to guilty and all statements made be him or his Attorney Jim Loonam to the Office of Probation in the course of the Pre Sentence Report Investigation. Therfore all said statements should be excluded from being used in the U.S. Government's Case in Chief.

Respectfully submitted,

Electronically filed 12/20/11

Lawrence E. Chacon
Attorney for Defendant, Derrick I Jim
826 5th St., NW
Albuquerque, NM  87102
(505) 843-9495 Fax (505) 243-0098

OPPOSED

AUSA Mark Baker/Jack Burkhead
P. O. Box 607
Albuquerque, NM 87103
(505) 348-7274

I hereby certify that a true copy of the foregoing was  E Filed with copy  to  the U.S. Attorneys Mark Baker/Jack Burkhead
signed
Lawrence E. Chacon

3.