# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 10-2653 JB

DERRICK IVAN JIM,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Permit Victim's Presence in the Court Room, filed January 4, 2012 (Doc. 94)("Motion").  The primary issue is whether the Court should allow the alleged victim, Jane Doe, to be present in the courtroom during all trial proceedings following her in-court testimony.[1]  The Court will grant the Motion. Because Jim has not shown, by clear-and-convincing evidence, that Jane Doe's testimony will be materially altered if she hears the other witnesses' testimony, the Court will permit Jane Doe to remain in the courtroom during the trial.

## PROCEDURAL BACKGROUND

On August 30, 2011, Defendant Derrick Ivan Jim was arrested for the sexual assault of Krystal Tsosie.  See Memorandum Opinion and Order, filed November 22, 2011 (Doc. 53)("MOO"). A federal grand jury indicted Jim on one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2)(A).  See Redacted Indictment, filed September 16, 2010 (Doc. 13)("Indictment").  On February 8, 2011, Jim and Plaintiff United States of America entered into

---

[1]The parties informed the Court's Courtroom Deputy, K'Aun Wild, that they did not require a hearing on this issue and that the Court could decide it on the briefing.

a plea agreement, and Jim pled guilty to the Indictment in a plea colloquy before the Honorable Richard Puglisi, Chief United States Magistrate Judge.  <u>See</u> Plea Agreement at 1, filed February 8, 2011 (Doc. 25).

On September 19, 2011, Jim filed his Motion for an Order to Vacate the Sentencing and to Allow Defendant to Withdraw His Plea Agreement and to Proceed to Trial.  <u>See</u> Doc. 48 ("Motion to Withdraw Plea").  In his motion, Jim stated that, on September 10, 2011, he received a previously unavailable DNA report from the United States Attorney's Office ("USAO").  Motion to Withdraw Plea at 2.  Jim asserted that he had new evidence that would impeach the alleged victim.  <u>See</u> Motion to Withdraw Plea at 2.  Jim also reiterated that he had previously written to the Court to state his concerns about the Plea Agreement and his former attorney, Federal Assistant Public Defender Jim Loonam.  <u>See</u> Motion to Withdraw Plea at 2.  The United States opposed the Motion to Withdraw Plea.  <u>See</u> United States' Response to Motion for an Order to Vacate the Sentencing and to Allow Defendant to Withdraw His Plea Agreement and Proceed to Trial, filed October 1, 2011 (Doc. 50). On October 3, 2011, the Court held a hearing on the Motion to Withdraw Plea.  In its MOO, the Court determined that it should permit Jim to withdraw his guilty plea.  <u>See</u> MOO at 1.  The Court found that the United States Court of Appeals for the Tenth Circuit's seven-factor test, explained in <u>United States v. Yazzie</u>, 407 F.3d 1139 (10th Cir. 2005), weighed in favor of allowing withdrawal.  <u>See</u> MOO at 12.  The Court's decision relied on flaws in the plea colloquy before Chief Judge Puglisi, and the Court stated that it had doubts whether the plea entered during the plea colloquy represented a knowing and voluntary waiver of Jim's rights.  <u>See</u> MOO at 22 ("[T]he Court thinks that the plea colloquy casts enough doubt on the knowing and voluntary nature of the plea that Jim has met his burden to establish a fair and just reason to withdraw his plea.").  Additionally,

-2-

the Court noted, in its MOO, that Jim's admissions during the plea colloquy might be admissible and used against him at trial.  See MOO at 24.

On January 4, 2012, the United States filed its Motion.  See Doc. 94.  The United States represents that it plans to call Jane Doe, the alleged victim, during its case-in-chief, and that it will then request that she remain under subpoena and be subject to recall in rebuttal.  See Motion ¶ 2, at 1.  The United States argues that Jane Doe wishes to exercise the rights afforded to her pursuant to 18 U.S.C. § 3771(a)(3) and (e) to remain in the courtroom after she has concluded her testimony in the United States' case-in-chief.  See Motion ¶ 3, at 1.  The United States asserts that, under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, Jane Doe has the right "not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding."  Motion ¶ 4, at 2 (quoting 18 U.S.C. § 3771(a)(3)).  The United States argues that Jim can make no showing, by clear-and-convincing evidence, that Jane Doe's testimony will be materially altered if she hears the testimony of other witnesses in this proceeding.  See Motion ¶ 8, at 3.

On January 7, 2012, Jim filed his Opposition to the Governments [sic] Motion in Lemini [sic] to Permit Krystal Tsosie's (Alleged Victim) Presence in the Courtroom.  See Doc. 102 ("Opposition").  Jim argues that he may call, and intends to call, Krystal Tsosie as a witness in his case-in-chief.  See Opposition at 1.  Jim invokes rule 615 of the Federal Rules of Evidence and asks the Court to exclude witnesses from the courtroom until they have discharged their obligations to testify.  See Opposition at 1.

The United States then filed the United States' Reply to Defendant's Opposition to the

Government's Motion in Limine to Permit Victim's Presence in the Courtroom, filed January 7, 2012 (Doc. 110)("Reply").  The United States argues that Jim's Opposition fails because "he has provided no evidence, much less clear and convincing evidence, that Jane Doe's testimony will be materially altered if she remain[s] in the courtroom."  Reply at 2.  The United States asserts that, under the CVRA, "it is wholly irrelevant, in the analysis as to whether to allow the victim's continued presence in the courtroom, which party intends to call the victim for later testimony."  Reply at 2.  The United States further asserts that Jim did not explain how the victim's presence in the courtroom for other witnesses' testimony might affect her testimony and that the Court is "under no duty to wildly speculate as to what those unarticulated reasons might be."  Reply at 2.

## LAW REGARDING RULE 615 AND EXCLUDING VICTIM-WITNESSES

Ordinarily a party may request that the court order witnesses excluded from the courtroom so that they cannot hear other witnesses testimony.  See Fed. R. Evid. 615.  There are exceptions to rule 615, however, and it does not authorize excluding "a person authorized by statute to be present." Fed. R. Evid. 615.  The CVRA provides such an exception and states that a crime victim has the "right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding."  18 U.S.C. § 3771(a)(3). The United States Court of Appeals for the Eleventh Circuit has held that denying a motion to exclude victim-witnesses does not deny a defendant his due-process rights under the Fifth Amendment to the United States Constitution or his right of confrontation under the Sixth Amendment to the United States Constitution.  See United States v. Edwards, 526 F.3d 747, 758 (11th Cir. 2008).  The Eleventh Circuit affirmed the district court's denial of the motion to exclude

victim-witnesses and commented that the defendant's argument failed because a "criminal defendant has no constitutional right to exclude witnesses from the courtroom." United States v. Edwards, 526 F.3d at 758 (citing Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir. 1988); Mathis v. Wainwright, 351 F.2d 489, 489 (5th Cir. 1965)). In In re Mikhel, 453 F.3d 1137 (9th Cir. 2006), the United States Court of Appeals for the Ninth Circuit granted the United States' petition for a writ of mandamus in part, because the district court had excluded victim-witnesses from the courtroom without determining whether their testimony would be materially altered were they allowed to witness the entire trial. See 453 F.3d at 1139. The Ninth Circuit explained that a district court "must find by clear and convincing evidence that it is highly likely, not merely possible, that the victim-witness will alter his or her testimony." In re Mikhel, 453 F.3d at 1139 (emphasis original)(citing United States v. Johnson, 362 F.Supp.2d 1043, 1056 (N.D. Iowa 2006)).

## ANALYSIS

Because Jim has not established by clear-and-convincing evidence that Jane Doe's testimony will be "materially altered," if she is permitted to remain in the courtroom during all trial proceedings, the Court will grant the United States' Motion. See 18 U.S.C. § 3771(a)(3).

The United States moves the Court to allow Jane Doe, the alleged victim, to be present in the courtroom during all trial proceedings following her testimony in its case-in-chief. See Motion at 1. The United States asserts that Jane Doe wishes to exercise her rights under 18 U.S.C. § 3771(a)(3) and remain in the courtroom during the trial proceedings. See Motion ¶ 3, at 1. The United States argues that it is "axiomatic" that Jane Doe is a crime victim, and that she is "a person directly and proximately harmed as a result of the commission of a Federal offense." Motion ¶ 6, at 2 (citing 18 U.S.C. § 3771(e)). The United States further asserts that "the Defendant can make

no showing by clear and convincing evidence that [Jane Doe's] testimony will be materially altered if Doe hears the testimony of other witnesses in this proceeding." Motion ¶ 8, at 3. In his Opposition, Jim asserts that he intends to call Jane Doe as a witness in the defense's case-in-chief and invokes rule 615 to exclude all witnesses until they have discharged their obligation to testify. See Opposition at 1. In its Reply, the United States notes that Jim's Opposition must fail, because "he has provided no evidence, much less clear and convincing evidence, that Jane Doe's testimony will be materially altered if she remain[s] in the courtroom." Reply at 2.

The CVRA provides that a crime victim has the right "not to be excluded" from a public court proceeding "unless, the court, after receiving clear and convincing evidence, determines that testimony by the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). Accordingly, the default rule under this statute is that a crime victim may be present in the courtroom to hear other witnesses testify. The burden thus falls to Jim, as the party seeking to exclude Jane Doe from the courtroom, to present clear-and-convincing evidence that her testimony will be materially altered if she is permitted to hear other witnesses testify at trial. Jim has not met this burden. In his Opposition, Jim does no more than invoke rule 615 and does not recognize that the CVRA's statutory authorization of the victim's presence falls within one of rule 615's exceptions. See Fed. R. Evid. 615(d). The Ninth Circuit and the Eleventh Circuit have both recognized that the CVRA makes a crime victim "a person authorized by statute to be present" under rule 615(d). United States v. Edwards, 526 F.3d at 757-58; In re Mikhel, 452 F.3d at 1139. Jim does not argue that Jane Doe's testimony will be materially altered if she is permitted to hear other witnesses' testimony. There is always a "possibility that one witness will alter his testimony based on the testimony of another" and Jim's burden is to show by clear-and-convincing evidence that Jane

Doe's testimony will be altered.  See In re Mikhel, 452 F.3d at 1139 & n.3 (emphasis original).

Here, Jim has not presented any evidence.  Given that Jane Doe may be testifying three times -- in

the United States' case-in-chief, in Jim's case, and in the United States' rebuttal case -- it is unlikely

that she will be influenced by other witnesses' testimony.  Jim's invocation of rule 615 and

statement that he intends to call Jane Doe as his witness, is insufficient to meet his burden under the

CVRA.

Because Jim has not shown, by clear-and-convincing evidence, that Jane Doe's testimony

will be materially altered, the Court will grant the United States' Motion and permit Jane Doe to be

present in the courtroom for the testimony of other witnesses.

**IT IS ORDERED** that the United States' Motion in Limine to Permit Victim's Presence in

the Court Room, filed January 4, 2012 (Doc. 94), is granted.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack Burkhead
Mark T. Baker
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Lawrence E. Chacon
Albuquerque, New Mexico

*Attorney for the Defendant*

-7-