# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DERRICK IVAN JIM,

        Petitioner,

vs.

                                             No. CIV 21-0507 JB/DLM

                                             No. CR 10-2653 JB/GBW

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 16, 2024 (Doc. 13)("PFRD"). In the PFRD, the Honorable Damian L. Martínez, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends denying Petitioner Derrick Ivan Jim's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 1, 2021 (Doc. 1)("Motion"), and also deny his request for a hearing. See PFRD at 20. The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to file objections waives appellate review. See PFRD at 20. On April 29, 2024, Jim filed his *Pro Se* Movant's Objections to the Recommendation of the Honorable Damian L. Martínez, United States Magistrate Judge, filed April 29, 2024 (Doc. 14)("Objections").

Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and all parts of the Magistrate Judge's PFRD to which Jim has properly objected. After conducting this de novo review and having considered thoroughly the PFRD and the Objections, the Court concludes that a response to the Objections is unnecessary

and finds no sound reason either in law or fact to depart from Magistrate Judge Martínez'
recommended disposition.

## LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended
disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required
proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a
claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2)
governs objections: "Within 14 days after being served with a copy of the recommended
disposition, a party may serve and file specific written objections to the proposed findings and
recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate
Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's
disposition that has been properly objected to.  The district judge may accept, reject, or modify the
recommended disposition; receive further evidence; or return the matter to the magistrate judge
with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention
on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v.
One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121
East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas
v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit

has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to

---

In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.  See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous,

arbitrary, [obviously[2]] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.

    This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

---

    [2]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review which the Court intends to use when there is no objection.  Concluding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations.  The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

## ANALYSIS

In the PFRD, Magistrate Judge Martínez recommends that the Court: (i) dismiss the Motion, because "Jim has not shown that he was prejudiced by the presentation at trial of the Admission of Facts and Plea Hearing statements and, therefore, has not shown that [Lawrence] Chacon [-- an attorney who represented Jim during his federal criminal case --] was ineffective under Strickland [v. Washington, 466 U.S. 668 (1984)]"; and (ii) deny Jim's request for an evidentiary hearing, "because the record conclusively establishes that Jim is not entitled to relief." PFRD at 20.   Jim raises three objections in response, each of which relates to the PFRD's recommendation that an evidentiary hearing not be held.   See Objections at 2-5.   First, Jim objects to Magistrate Judge Martínez' conclusion that an evidentiary hearing is unnecessary, arguing that his "claim is not contradicted by the record, inherently incredible, or based on conclusions rather than statements of fact."   Objections at 2.   Second, Jim contends that the PFRD applies the wrong standard in determining that an evidentiary hearing is not necessary to determine that Jim has not meet his burden to establish the prejudice prong of his ineffective assistance claim.   See Objections at 3-4.   Jim argues:

> For the magistrate's premature recommendation to deny his claim without the requisite evidentiary hearing to be permissible under controlling precedent, the record must conclusively refute his allegations, such that the court is convinced that there are no genuine issues of material fact which, if decided in Mr. Jim's favor after an evidentiary hearing, would entitle him to relief.

Objections at 4.   Third, Jim avers that he is entitled to an evidentiary hearing to develop his argument that "his responsibility statement would have been disallowed because his plea was unknowing and involuntary."   Objections at 5.

The thrust of Jim's Objections is that Magistrate Judge Martínez erred in ruling on the Motion without holding an evidentiary hearing.   28 U.S.C. § 2255 requires that the court hold a

hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Supreme Court has interpreted this statutory language to mean that a hearing is unnecessary: (i) "where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court"; or (ii) where the motion alleges circumstances "of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." Machibroda v. United States, 368 U.S. 487, 494-95 (1962)(quoting 28 U.S.C. § 2255(b)). "In contrast, where '[t]he factual allegations contained in the petitioner's motion and affidavit' are 'put in issue by the affidavit filed with the Government's response' and 'relate[] primarily to purported occurrences outside the courtroom and upon which the record could cast no real light,' a hearing is required under the statute." United States v. Fields, 949 F.3d 1240 (10th Cir. 2019)(quoting Machibroda v. United States, 368 U.S. at 494-95)(alterations in United States v. Fields, but not in Machibroda v. United States).

The Court has conducted a de novo review of the record and the parties' submissions and agrees with Magistrate Judge Martínez that an evidentiary hearing is unnecessary. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988)(noting the requirement that a district court "must indicate that the court reviewed the records in the case"). As a general matter, none of the issues that Jim raises regarding the prejudice he suffered because of Chacon's alleged ineffectiveness "relat[e] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." Machibroda v. United States, 368 U.S. at 494-95. To the contrary, the substantial evidence which Magistrate Judge Martínez relies upon to conclude that Mr. Chacon's alleged errors were not "'so serious as to deprive [Jim] of a fair trial . . . whose result is reliable,'" PFRD at 16 (quoting Strickland v. Washington, 466 U.S. at 687)(alteration in

PFRD) -- including the considerable evidence marshaled at trial in support of Jim's guilt -- is ascertainable from the record in Jim's criminal case.  Accordingly, the situation here stands in contrast to that in <u>Machibroda v. United States</u>, where the purported evidence underpinning the defendant's ineffective assistance claim -- <u>i.e.</u>, that an Assistant United States Attorney had, on three separate, off-the-record occasions, made false promises to the defendant about the prison sentence he would receive should he plead guilty -- gave rise to the need for an evidentiary hearing.  <u>See</u> 368 U.S. at 489, 494-95.

Furthermore, regarding Jim's specific objection that Magistrate Judge Martínez "conflates the applicable standard" when recommending the Court conclude that "'Jim has not met his burden under the second *Strickland* prong,'" the Court concludes the PFRD's analysis is sound.  Objections at 3 (emphasis in PFRD and Objections)(quoting PFRD at 16, 18).  Despite Jim's assertion that he "does not have a burden to prove anything at this stage," Objections at 3, "[t]he burden is on [the defendant] in [a] habeas corpus proceeding to establish the need for an evidentiary hearing," <u>Smith v. Wainwright</u>, 777 F.2d 609, 615 (11th Cir. 1985).  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. at 698 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  Moreover, Magistrate Judge Martínez correctly applies the <u>Machibroda v. United States</u> standard by "consider[ing] the totality of the evidence presented at trial" and determining that "the record conclusively establish[es] that Jim was not prejudiced . . . ."  PFRD at 19.  <u>See</u> <u>Machibroda v.</u> <u>United States</u>, 368 U.S. at 494.  The record in this case includes strong evidence of guilt, including testimony from the victim, K.T., <u>see</u> Transcript of January 9, 2012, Trial Proceedings at 91:2-247:2, filed August 30, 2012 (Doc. 180 in No. CR 10-2653 JB/GBW)(Court, Burkhead, Chacon, K.T), witnesses present on the night of the assault, <u>see</u> Transcript of January 11, 2012, Trial

Proceedings at 180:21-187:5, filed August 30, 2012 (Doc. 180 in No. CR 10-2653 JB/GBW)(Burkhead, Morgan); Transcript of January 12, 2012, Trial Proceedings at 2:21-5:24, filed August 30, 2012 (Doc. 182 in No. CR 10-2653 JB/GBW)(Burkhead, Kayonnie), and medical professionals who treated K.T. after her assault, see Transcript of January 9, 2012, Trial Proceedings at 62:19-63:10, filed August 30, 2012 (Doc. 179 in No. CR 10-2653 JB/GBW)(Finnan); id. at 79:24-90:11 (Baker, Finnan).  The Court agrees with the PFRD that this record "conclusively establish[es]," Machibroda v. United States, 368 U.S. at 494, that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.  See Cummings v. Sirmons, 506 F.3d 1211, 1229 (10th Cir. 2007)("[G]iven the strong evidence of . . . guilt, we conclude that [the defendant] has failed to establish any prejudice arising out of trial counsel's purported failure to seek suppression of his statements to police.").

Finally, Jim objects to a footnote in the PFRD in which Magistrate Judge Martínez refutes Jim's argument that his Responsibility Statement would have been excluded "had Chacon shown that Jim did not enter into the Plea Agreement knowingly and voluntarily." PFRD at 19 n.6.  See Objections at 19.  The Court disagrees with Jim that the PFRD applies the "wrong standard" to deny a hearing on Jim's claim regarding the Responsibility Statement, Objections at 19; rather, while the PFRD's analysis on this point is not necessary to the dispositive conclusion that Jim failed to establish his ineffective assistance claim's prejudice prong, Magistrate Judge Martínez applied the correct standard in concluding that this argument need not be addressed, because it was foreclosed by the Court's "detailed ruling" in its Memorandum Opinion and Order at 51-56, filed January 6, 2012 (Doc. 98 in No. CR 10-2653 JB/GBW), in Jim's criminal case.  In sum, having

considered de novo the record, the PFRD, and Jim's Objections, the Court finds no sound reason in law or fact to depart from Magistrate Judge Martínez' PFRD.

IT IS ORDERED that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on April 16, 2024 (Doc. 13), are adopted; (ii) the objections in the *Pro Se* Movant's Objections to the Recommendation of the Honorable Damian L. Martínez, United States Magistrate Judge, filed April 29, 2024 (Doc. 14), are overruled; (iii) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 1, 2021 (Doc. 1), is denied; and (iv) this case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Derrick Ivan Jim
Texarkana, Texas

    *Petitioner pro se*

Alexander M.M. Uballez
  United States Attorney
Joseph M. Spindle
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent*